[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action for monetary damages and other relief brought by the plaintiff, Rui Dias who alleges in his complaint that on August 2, 1997, his automobile was struck and damaged by a truck owned by the defendant Hershey Creamery and operated by the defendant Kevin Dammling as an agent servant or employee of Hershey Creamery.
In his complaint the plaintiff alleges that as a result of the collision caused by the common law negligence and statutory negligence of the defendant, he was caused to sustain numerous injuries and losses. The statutory negligence he alleges is a violation of Section 14-242 (b) [improper turn] and Section 14-245 [failure to grant right of way], C.G.S.
The injuries which he allegedly sustained are to his back and spine. He also alleges that as a result of said injuries, he has been unable to carry on his normal activities and that his health and his ability to enjoy life have been adversely effected.
He also claims to have expended sums of money for medical care and treatment and other out of pocket expenses.
Lastly, he claims that as a result of said injuries he sustained a loss of income in the past and may in the future.
The defendants in their answer denied having caused the collision and denied causing the injuries claimed by the plaintiff. They left him to his proof regarding said injuries and losses.
By way of special defense, the defendants alleged that the collision was caused by the plaintiffs own negligence — both common law and statutory — specifically Section 14-233 [passing on the right], CT Page 4694 C.G.S.
The court heard evidence and testimony concerning those issues at trial and reserved decision.
The evidence and testimony permits the court to make the following findings.
On August 2, 1997, the defendant Dammling was operating a truck owned by the defendant Hershey Creamery, as its employee and agent, in a southerly direction on South Main Street at its intersection with West Clay Street in Waterbury which, at that point, is one lane wide, southbound.
On said date and time the plaintiff, Dias, was operating his automobile in the same direction and at the same intersection. As he approached the defendants' vehicle which was stopped at the red traffic control signals located above said intersection, the plaintiff drove his automobile alongside the said truck on its right.
As the light turned green, the defendants' truck turned right making contact with the plaintiffs vehicle. The truck crushed and pushed the plaintiffs automobile for some distance before the defendant knew the plaintiffs vehicle had been struck. The defendant conceded that he had not noticed the plaintiffs vehicle at the lights and did not expect a car to be alongside him because the road is only one lane wide at that intersection.
The defendant, Dammling, was negligent in that he failed to keep a lookout for persons or vehicles in such close proximity to his truck. That negligence was a contributing factor to the collision and to the injuries sustained by the plaintiff. The fact that the plaintiff had no right to illegally situate his car in such close proximity to the defendant's truck does not exempt the defendant from all responsibility in the operation of his vehicle.
The plaintiff, was negligent in that he operated his vehicle in violation of Sec. 14-233, General Statutes, in that he drove his vehicle off the main traveled portion of the South Main Street where no lane designations, signs, signal or markings provide for such movement. The plaintiffs negligence was a contributing factor to the collision and to the plaintiffs own injuries and losses.
In response to questions posed on direct and cross examination, the defendant testified that as he approached the intersection, he put on his right turn directional signal in anticipation of making a right turn on CT Page 4695 to West Clay Street. The plaintiff alleged in his complaint and in his testimony that the defendant failed to make any such signal. There was no other evidence to corroborate either party's statement. The plaintiff has failed to meet his burden of proof as to that allegation.
The plaintiff offered evidence and testimony of his injuries, treatments, prognosis and costs expended for his injuries through medical reports and bills which were stipulated to by counsel. Counsel also stipulated to the fact that the plaintiff has an estimated life expectancy of 40.7 years.
There was evidence that the plaintiff suffered injuries to his mid and lower back and that he suffers a ten (10%) permanent partial disability as a result of the accident. There was also evidence that the plaintiff has been in three additional accidents since the instant collision, one occurring in December, 1997, some four months after this accident in which the plaintiff was "rear-ended" while in an automobile.
The defendant testified to his "sporadic" employment record at the time of and since this accident.
The plaintiff claimed approximately $6,693.43 for expenses incurred as a result of this accident. of that figure, $4,375.00 was for physical therapy and approximately $930.00 of that was incurred after the plaintiffs December 1997 accident.
The court finds that the plaintiffs economic damages to be $5,700.00.
The court finds the plaintiffs non-economic damages to be $20,000.00.
Total damages are found to be $25,700.00.
As to the parties' respective negligence, the court finds that the defendant Dammling was sixty (60%) negligent and the plaintiff Dias was forty (40%) negligent.
After apportioning the liability and applying it to the total damages, the court finds that judgment is to enter for the plaintiff and against the defendants in the amount of $15,520.00, plus taxable costs.
By the Court,
Joseph W. Doherty, Judge